```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
TAO LI, FENG LIN CHEN, and YING     :   15 Civ. 4433 (JCF)
CHANG HONG, on behalf of themselves :
and others similarly situated,      :   MEMORANDUM
                                    :   AND ORDER
                Plaintiffs,         :
                                    :
     - against -                    :
                                    :
8868 CORP. d/b/a VERMICELLI         :
RESTAURANT and PHUC CHAU,           :
                                    :
                Defendants.         :
- - - - - - - - - - - - - - - - - - :
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/16

The plaintiffs, Tao Li, Feng Lin Chen, and Ying Chang Hong, bring this action against the defendants, 8868 Corp. ("Vermicelli") and Phuc Chau, pursuant to the Fair Labor Standards Act and New York Labor Law. The plaintiffs have moved for leave to join Thein Chau, also known as Danny Chau, as a defendant. For the reasons stated herein, the motion is granted.

Background

The plaintiffs brought this action on June 8, 2015, alleging a variety of wage-and-hour violations and related claims. (Complaint ("Compl."), ¶¶ 4-5). The action was brought against Vermicelli, a restaurant, and "Phuc Chau," the owner and CEO.[1]

---

[1] The plaintiffs believed Phuc Chau to be the CEO because "the New York State Department of State entity information for the defendant corporation . . . listed Phuc Chau[] as the Chief Executive Officer." (Memorandum of Law in Support of Plaintiffs' Motion for Leave to File an Amended Complaint ("Pl. Memo.") at 4).

1

(Compl., ¶ 15).  After the defendants answered, a scheduling order was entered, stating, "No additional parties may be joined after 9/21/15 without leave of Court."  (Civil Case Management Plan and Scheduling Order ("Scheduling Order"), ¶ 5).  After many extensions of discovery, an order required discovery to be completed by October 6, 2016.  (Order dated Sept. 6, 2016).

On September 26, 2016, the plaintiffs moved to join Thein Chau, also known as Danny Chau, as a defendant, claiming they learned that he was an owner of Vermicelli during a September 22, 2016 deposition; they assert that although previous submissions by the defendants identified "Danny Chau" as an owner, the plaintiffs "did not know the legal name of 'Danny' Chau" and "believed that 'Danny' Chau's legal name was Phuc Chau."  (Pl. Memo. at 2-4).  Indeed, the defendants' Initial Disclosures only identify "Phuc Chau" as a person likely in possession of relevant information and fails to identify "Danny Chau."  (Pl. Memo. at 4).  Although a later declaration by Danny Chau[2] names him as an owner of Vermicelli, it contains no information about "Phuc Chau" or "Thein Chau."  (Declaration of Danny Chau dated Oct. 15, 2015, at 1).  Additionally, although the defendants' answers to the plaintiffs' interrogatories state that "Danny Chau" was responsible for determining the compensation and work hours of the plaintiffs, it

---

[2]   The declaration supported the defendants' opposition to the plaintiffs' motion for conditional class certification.

fails to state whether "Phuc Chau" was also responsible for these duties. (Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories, attached as Exh. 4 to Declaration of John Troy dated Sept. 26, 2016, at 4-5).

Discussion

    A.   Standard

The lenient standards of Rules 21 and 15(a)(2) of the Federal Rules of Civil Procedure control joinder of parties here. Although the Scheduling Order limited the time to join parties, it only addressed the time to add parties without leave of court; it did not specify a deadline for adding parties with the court's permission. (Scheduling Order at 2). Thus, there is no need to consider the standards for modifying a case management order under Rule 16(b)(4).

Although Rule 21 applies to the addition of parties, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Bridgeport Music, Inc. v. Universal Music Group, Inc., 248 F.R.D. 408, 412 (S.D.N.Y. 2008) (quoting Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980)). Rule 15 provides that courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603 (2d Cir. 2005). "This comports with the law's 'strong preference for resolving disputes

on the merits.'" Knife Rights, Inc. v. Vance, 802 F.3d 377, 389 (2d Cir. 2015) (quoting Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011)).  However, a motion to amend may be denied for any of the following reasons: (1) undue prejudice to the non-moving party, (2) futility, (3) bad faith or dilatory motive, (4) repeated failure to cure deficiencies by previous amendments, and (5) undue delay.  United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016).  The court has "considerable discretion" over motions to amend.  Knife Rights, 802 F.3d at 389.

The defendants argue that amendment should be denied because they would be unduly prejudiced and because there has been undue delay.[3]  (Def. Memo. at 2, 5).

B.   Undue Prejudice

Undue prejudice is one of the "most important" reasons for denying a motion to amend.  AEP Energy Services Gas Holding Co. v. Bank of America, N.A., 626 F.3d 699, 725 (2d Cir. 2010) (quoting State Teachers Retirement Board v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).  Undue prejudice may arise if "an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay

---

[3] The defendants also state that the motion should be denied because it is "futile" and "meritless," yet they provide no accompanying argument.  (Memorandum of Law in Opposition to Plaintiffs' Motion for Leave to Amend the Complaint ("Def. Memo.") at 1).

4

the resolution of the dispute.'" Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (quoting Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993)). Additionally, "[u]ndue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" Id. (second alteration in original) (quoting Fluor, 654 F.2d at 856). Yet, if discovery has concluded but the amendment arises from substantially the same facts, an adversary's burden to undertake additional discovery -- by itself -- does not warrant denial of a motion to amend. See Lin v. Toyo Food, Inc., No. 12 Civ. 7392, 2016 WL 4502040, at *2 (S.D.N.Y. Aug. 26, 2016); JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08 Civ. 9116, 2009 WL 1357946, at *4 (S.D.N.Y. May 12, 2009). The party opposing amendment bears the burden of establishing that amendment would be unduly prejudicial. Allison v. Clos-ette Too, LLC, No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015); Ferring B.V. v. Allergan, Inc., 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014).

The defendants argue that they would be prejudiced since they would be required to spend additional resources deposing Thein Chau and reviewing more documents; furthermore, they assert that joinder would delay resolution of the case. (Def. Memo. at 5). Yet, the late addition of Thein Chau is predominately attributable to the defendants because they failed to identify him in their initial disclosures. Additionally, discovery has only recently

closed and can be reopened briefly, and it does not appear that substantially more paper or electronic discovery is required. (Memorandum of Law in Reply to Defendants' Opposition to Plaintiffs' Motion for Leave to File an Amended Complaint at 5). Finally, the short delay in the resolution of the case here is superseded by the law's preference for resolving cases on the merits.

    C.    <u>Undue Delay</u>

"Mere delay, [] absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." <u>Ruotolo</u>, 514 F.3d at 191 (quoting <u>Fluor</u>, 654 F.2d at 856). The defendants' delay argument fails as they do not specifically demonstrate prejudice or bad faith, stating only that the plaintiffs have moved now to "benefit themselves with a procedural technicality and to unduly prejudice the Defendants." (Def. Memo. at 4). Furthermore, the delay here was largely beyond the control of the plaintiffs. It was the defendants who failed to identify Thein Chau in their initial disclosures, and the declaration from "Danny Chau" and the answers to the interrogatories were too ambiguous to provide an adequate basis for amendment. Thus, the plaintiffs have not delayed in moving to amend.

Conclusion

For the foregoing reasons, the plaintiffs' motion (Docket no. 70) to add Thein Chau, also known as Danny Chau, as a defendant is granted. Within one week of the date of this Order, counsel shall submit a joint letter proposing an appropriate extension of the discovery schedule.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         November 30, 2016

Copies transmitted via ECF this date:

John Troy, Esq.
Troy Law PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355

Benjamin Xue, Esq.
Ricky Liang, Esq.
Xue & Associates, PC
1001 Avenue of the Americas, 11th Floor
New York, NY 10018